■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JEROME W. DURRANT, Appellant, v. CHARLES L. MCKENDRICK, as Warden of Wallkill Prison, Respondent.— REYNOLDS, J. Appeal from a judgment of the County Court, Ulster County, denying appellant's petition for a writ of habeas corpus. The trial court properly acted within its discretion in denying appellant's petition, which alleged as the basis for relief only that " the plea of guilty was not interposed " and then paraphrased some general language of cases concerned with the improper acceptance of guilty pleas, on the ground that it presented no evidentiary facts to support its claim (*People ex rel. Eich* v. *Wilkins,* 17 N Y 2d 621). Moreover, even accepting the evidentiary materials presented by assigned counsel to this court, but not presented below, the procedures leading to the plea utilized here were proper (*People* v. *Nixon,* 21 N Y 2d 338). Judgment affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Reynolds, J.

■ In the Matter of the Claim of HENRIETTA CASTRO, Appellant, v. JOHN P. HARTELL & COMPANY et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal by the claimant from a decision of the Workmen's Compensation Board holding that Baldomerco Castro, deceased husband of the claimant, did not sustain an accidental injury arising out of and in the course of employment. Appellant's contention is that on June 30, 1961, the decedent sustained a skull injury when a slab of cinder block fell on his head during the course of employment. The respondents' position is that this alleged industrial accident did not in fact occur. The record reveals testimony by the decedent, the claimant, decedent's son, his brother and a coworker, supportive of claimant's contention. However, the record also reveals that on decedent's admission to the hospital on July 6, 1961, a history of unconsciousness following a fall at home was given with no mention of the alleged cinder block incident and that the decedent's foreman and several coworkers could recall no such incident. The burden of proof was on the claimant to establish the existence of an industrial accident (*Matter of Rothschild* v. *Flatbush Jewish Center,* 18 A D 1045), and all questions of credibility are, of course, within the sole province of the board. Moreover, " The disbelief by the board of an assertion of this kind is not an absence of substantial evidence in support of a negative finding." (*Matter of Rothschild* v. *Flatbush Jewish Center, supra,* p. 1045.) The instant record reveals only a conflict of testimony as to whether the alleged incident in fact occurred; the board's resolution of which, in the exercise of its fact-finding power, we find no basis to disturb (e.g., *Matter of Finn* v. *Merritt, Chapman & Scott,* 20 A D 2d 731). Additionally, we do not find any discernible defect in the administrative process requiring reversal. Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Reynolds, J.